ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

STATE OF SOUTH CAROLINA

COUNTY OF GREENVILLE

WILLIAM ANDREW BLACKWELL, as
Attorney-in-Fact for JANICE WALDROP
BLACKWELL,

Plaintiff,

-vs-

CALCON MUTUAL MORTGAGE LLC,
d/b/a TABOR MORTGAGE GROUP,
PLANET HOME LENDING, LLC,
COOPERATIVE TITLE, LLC, and
ALLIANT NATIONAL TITLE
INSURANCE COMPANY, INC.,

Defendants.

IN THE COURT OF COMMON PLEAS

THIRTEENTH JUDICIAL CIRCUIT

Case No.

**SUMMONS**

TO:    THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at 2191 Pickens Street, Suite 317, Columbia, South Carolina 29201 within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint.  If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

_____
Dave Maxfield, Esq., SC Bar No. 7163
2191 Pickens Street, Suite 317
Columbia, SC 29201
(803) 509-6800
(855) 299-1656 (fax)

**EXHIBIT 1**

dave@consumerlawsc.com

DATED: April 1, 2026

ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF GREENVILLE | THIRTEENTH JUDICIAL CIRCUIT |

WILLIAM ANDREW BLACKWELL,
as Attorney-in-Fact for JANICE WALDROP
BLACKWELL,

    Plaintiff,

v.

CALCON MUTUAL MORTGAGE LLC,
d/b/a TABOR MORTGAGE GROUP;
PLANET HOME LENDING, LLC;
COOPERATIVE TITLE, LLC; and
ALLIANT NATIONAL TITLE INSURANCE
COMPANY, INC.

    Defendants.

**COMPLAINT**

(Jury Trial Demanded)

## INTRODUCTION

1. This is an action by a seventy-four -year-old widow to void a fraudulently induced mortgage on the home she has occupied for fifty years, and to recover all damages flowing from the statutory violations, negligence, and willful blindness of the mortgage lender, servicer, settlement agent, and title insurer named as Defendants herein.

2. Janice Waldrop Blackwell is a widow living alone on a fixed Social Security income. Her husband predeceased her, leaving her isolated, financially dependent on government benefits, and emotionally vulnerable. Over the course of approximately one year, strangers posing online as a romantic interest exploited that vulnerability to convince her that she needed to take out a mortgage on her unencumbered home to help free an oil driller and his crew wrongfully imprisoned in Mexico. She was promised that ExxonMobil Corporation would repay the mortgage in full. These promises were entirely false.

3. To obtain the mortgage, the scammers submitted a fraudulent loan application in Janice Blackwell's name, falsely listing $3,950.00 per month in income from a purported "Defined Contribution Plan," and supported that fabricated income with forged account statements and a forged disbursement letter bearing the logo and address of CAPTRUST Financial Advisors — a real Greenville, South Carolina financial firm that has since

1

ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

confirmed in writing that the documents were forgeries, that it is not a custodian and does not issue custodial account statements, and that the individual whose name appeared on the disbursement letter does not work for CAPTRUST.

4. Without the fraudulent income, Janice Blackwell's true debt-to-income ratio exceeded 113% — making her categorically unqualified for any mortgage. The lender, CalCon Mutual Mortgage LLC d/b/a Tabor Mortgage Group ("Tabor"), originated the loan anyway, relying on forged documents it made no meaningful effort to verify, in violation of its independent statutory duties under federal and state law.

5. The loan — $219,780.00 at 6.25% fixed interest, secured by a mortgage on Janice Blackwell's home at 18 Cannon Circle, Greenville, South Carolina — was closed on August 25, 2025, not by a licensed South Carolina attorney, but by a mobile notary at her home. No attorney was present at the closing. The designated closing attorney was located in Charleston, approximately 200 miles from Janice Blackwell's home in Greenville, and was never present at, or in any meaningful contact with, the borrower at the time of closing. The scammers controlled all communications between Janice Blackwell and every participant in the transaction throughout the origination and closing process. The USA PATRIOT Act identification verification form — which requires the closing agent to certify that they personally viewed the borrower's identification documents — was left blank and unsigned, meaning no one certified that they had verified Janice Blackwell's identity at closing.

6. After closing, the scammers sent a fraudulent email instructing Janice Blackwell not to make any mortgage payments, causing her to default. The loan was transferred to Planet Home Lending, LLC ("Planet") for servicing on or about October 1, 2025, and as of the filing of this Complaint, is being transferred back to CalCon Mutual Mortgage LLC as servicer, effective April 29, 2026.

7. Janice Blackwell brings this action to obtain cancellation of the mortgage and all related loan documents as void instruments, to quiet title to her home, to enjoin any foreclosure proceedings during the pendency of this action, and to recover actual damages, statutory damages, treble damages, attorney's fees, and costs as provided by applicable federal and state law.

## **PARTIES**

8. Plaintiff William Andrew Blackwell brings this action as Attorney-in-Fact for Janice Waldrop Blackwell pursuant to a Durable General Power of Attorney executed on March 12, 2026, and recorded in the Greenville County public records on March 13, 2026, at Book DE 2783, Page 1330 (Instrument No. 2026016157). Janice Waldrop Blackwell is a resident of Greenville County, South Carolina, residing in Greenville County, South Carolina.

9. Defendant CalCon Mutual Mortgage LLC, doing business as Tabor Mortgage Group ("Tabor"), is a limited liability company organized under the laws of the State of

2

California, registered to do business in South Carolina, with its principal place of business at 3131 Camino Del Rio N, Suite 1200, San Diego, California 92108. At all times relevant herein, Tabor was the originating lender and a licensed mortgage lender and/or mortgage broker in South Carolina (SC License ID# MLB-1694129) subject to the South Carolina Licensing of Mortgage Brokers Act, S.C. Code Ann. §§ 40-58-10 et seq. Tabor also employed Loan Originator Lawton Montgomery Mullin (NMLS ID# 2498856; SC License ID# MLO-2498856) in connection with the subject transaction. As of April 29, 2026, Tabor is again the loan servicer.

10. Defendant Planet Home Lending, LLC ("Planet") is a limited liability company organized under the laws of the State of Connecticut, with its principal place of business at 321 Research Parkway, Suite 303, Meriden, Connecticut 06450 (NMLS ID# 17022). Planet acquired the servicing rights to the loan on or about October 1, 2025, and has been the servicer at all relevant times until the transfer back to CalCon effective April 29, 2026. Planet is a debt collector with respect to Janice Blackwell's loan within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

11. Defendant Cooperative Title, LLC ("Cooperative Title") is, upon information and belief, a limited liability company organized under the laws of the State of South Carolina, with an office at 852 Orleans Road, Suite 205, Charleston, South Carolina 29407. Cooperative Title served as the settlement agent for the closing of the subject loan on August 25, 2025, as reflected on the Closing Disclosure, and received fees in connection therewith.

12. Defendant Alliant National Title Insurance Company, Inc. ("Alliant National") is, upon information and belief, a corporation organized and existing under the laws of the State of Colorado, licensed to do business in South Carolina as a title insurance underwriter. Alliant National issued or underwrote the lender's title insurance policy in connection with the subject loan and received a premium of $3,780.00 in connection therewith, as reflected in the Closing Disclosure.

13. The true names and capacities, whether individual, corporate, or otherwise, of any other defendants not yet identified are currently unknown to Plaintiff. Plaintiff will amend this Complaint to add such defendants when their identities and roles are ascertained.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this matter pursuant to S.C. Code Ann. § 14-5-340. This Court has supplemental jurisdiction to hear Plaintiff's federal claims, including those arising under the Truth in Lending Act, 15 U.S.C. § 1601 et seq., the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639 et seq., and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq., as those claims arise from the same transaction and occurrence as Plaintiff's state law claims.

15. Venue is proper in Greenville County pursuant to S.C. Code Ann. § 15-7-30, as the real property identified by Greenville County TMS is located in Greenville County, South

3

ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

Carolina, and a substantial part of the events giving rise to this action occurred in Greenville County.

16. This Court has personal jurisdiction over all Defendants, as each Defendant transacted business in South Carolina, contracted to supply services in South Carolina, and/or caused tortious injury in South Carolina in connection with the subject transaction.

## FACTS

### A. Janice Blackwell — Background and Vulnerability

17. Janice Waldrop Blackwell is a seventy-four-year-old widow who resides alone at 18 Cannon Circle, Greenville, South Carolina — the home she has occupied for approximately fifty years.

18. Janice Blackwell's only sources of income are her Social Security retirement benefit and a survivor's benefit she receives as a result of her late husband's death, totaling approximately $3,142.00 per month. She has no employment income, no pension, no annuity, no retirement account, and no investment income of any kind.

19. As a widow living alone in her home of fifty years, Janice Blackwell was, at all relevant times, emotionally isolated and reliant on a fixed income that left her with no financial reserves. Her emotional vulnerability was heightened by the grief of widowhood and the social isolation that typically accompanies it. These circumstances made her particularly susceptible to the type of social manipulation and romantic deception employed by the scammers described herein, who specifically targeted her loneliness and desire for companionship to gain her trust over an extended period.

20. Prior to the events described herein, Janice Blackwell's home was entirely unencumbered by any mortgage, lien, or other encumbrance — the product of fifty years of ownership and the most significant financial asset she possesses.

21. As a 74-year-old widow living alone on a fixed income, in a condition of emotional isolation and vulnerability following the loss of her husband, Janice Blackwell was, and is, a "vulnerable adult" within the meaning of S.C. Code Ann. § 43-35-10(11) and was at all relevant times susceptible to financial exploitation through social manipulation of the type employed by the scammers described herein.

### B. The Romance Scam

22. Beginning in approximately February 2024, an unknown individual or group of individuals (collectively, "the scammers") contacted Janice Blackwell via Facebook, posing as a romantic interest named "Josh," purportedly an oil driller employed by ExxonMobil Corporation.

ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

23. Over the course of approximately one year, the scammers cultivated a fraudulent romantic relationship with Janice Blackwell and convinced her that "Josh" and his crew had been wrongfully arrested in Mexico and that his drilling equipment had been impounded. The scammers exploited Janice Blackwell's emotional vulnerability, social isolation, and longing for companionship to establish a position of complete psychological dominance over her decision-making in connection with the mortgage transaction. The scammers told her that ExxonMobil would fully reimburse her if she took out a mortgage on her home to fund the release of "Josh" and his crew.

24. To lend credibility to the scheme, the scammers provided Janice Blackwell with elaborate fabricated documents, including: (a) a fraudulent check purportedly issued by ExxonMobil Corporation in the amount of $1,700,000.00; (b) a fraudulent "Mortgage Loan Payment Agreement" purportedly between ExxonMobil, "Joshua Robert," and Janice Blackwell, stating that ExxonMobil would make all mortgage payments as an employee benefit; and (c) a fraudulent email claiming that "ExxonMobil has entered into a strategic partnership with Tabor Mortgage Group" — the lender that ultimately originated the loan.

25. Janice Blackwell did not understand she was taking out a personal mortgage for her own account. She understood, based on the scammers' representations, that ExxonMobil Corporation would be responsible for repayment. She had no genuine intent to encumber her home of fifty years with a $219,780 debt she had no means of repaying.

## C. The Fraudulent Loan Application

26. The scammers submitted or caused to be submitted a loan application in Janice Blackwell's name to Tabor on or about June 8, 2025, purportedly electronically signed and submitted via the Internet. Upon information and belief, the scammers completed and submitted the application themselves, or caused it to be submitted, without Janice Blackwell's knowing and informed participation.

27. The loan application contained the following materially false information:

   a. It listed Janice Blackwell's phone number as 305-304-8719 — a phone number belonging to the scammers, not to Janice Blackwell;

   b. It listed Janice Blackwell's email address as lovemydog805@gmail.com — an email address belonging to the scammers, not to Janice Blackwell;

   c. It listed Janice Blackwell's monthly income as $7,092.60, including $3,950.00 per month from a "Defined Contribution Plan" — income that does not exist and has never existed.

28. To substantiate the fabricated $3,950.00 monthly income, the scammers submitted forged documents to Tabor as part of the loan application, including (i) a falsified CAPTRUST account statement for the period June 1–30, 2025, bearing CAPTRUST's logo and Greenville, South Carolina address, reflecting account number 40266-632015, a

5

ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

beginning value of $248,950.00, taxable income of $3,950.00, and an ending value of $252,900.00, and (ii) a forged "Confirmation of Monthly Retirement Disbursement" letter dated July 4, 2025, also bearing CAPTRUST's logo and purportedly signed by "David Lewis, Personal Finance Specialist," falsely confirming a $3,950.00 monthly payment as part of a 20-year retirement disbursement plan and representing that the income was guaranteed for monthly disbursement for the next 20 years.

29. On March 9, 2026, Denise Buchanan, Senior Director of Compliance at CAPTRUST Financial Advisors, confirmed in writing that: (a) the documentation bearing CAPTRUST's logo and its Greenville, South Carolina address is forged; (b) CAPTRUST is not a custodian and does not issue custodial account statements; and (c) David Lewis does not work for CAPTRUST.

30. The scammers used the fraudulent contact information they had inserted into the loan application — phone number 305-304-8719 and email address lovemydog805@gmail.com — to intercept all communications between Tabor and Janice Blackwell throughout the origination process. As a result, Tabor communicated exclusively with the scammers, not with Janice Blackwell, from application through closing.

**D. Tabor's Failure to Verify Income and Identity**

31. Tabor's underwriter, Kelly Hanna (DE# JI18), approved the loan on or about August 21, 2025. Her underwriting notes reflect: "Retired. Using SSI and retirement. Retirement comes from distribtions [sic]. 3-year continuance documented." The reference to "3-year continuance documented" reflects that Hanna accepted the forged CAPTRUST disbursement letter as documentation that the $3,950.00 monthly income would continue for at least three years — a required finding under FHA underwriting guidelines before retirement income may be used for qualifying.

32. Tabor's own Desktop Underwriter ("DU") Findings Report identified the $3,950.00 income as "Pension/Retirement Income" derived from "1003 Values" — meaning taken directly from the loan application without independent verification. The DU Findings expressly required that "Retirement or pension income for Janice Waldrop Blackwell must be verified in accordance with current FHA documentation guidelines" and that "If any benefit will expire within the first three years, the income may not be used for qualifying." Tabor's own automated underwriting system thus flagged the retirement income as requiring independent verification — a flag Tabor disregarded.

33. A lender exercising reasonable diligence would have: (a) independently contacted CAPTRUST to verify the account's existence; (b) noted that CAPTRUST, a registered investment advisory firm, does not function as a custodian or issue custodial statements of the type submitted; (c) noted that the borrower's contact information on the application did not belong to the borrower; and (d) recognized that Janice Blackwell's true monthly income of $3,142.00 produced a debt-to-income ratio exceeding 113%, far beyond any permissible qualifying threshold. Tabor did none of these things.

6

ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

34. In its January 26, 2026 response to the South Carolina Board of Financial Institutions, Tabor admitted in writing that "our underwriters relied upon the documentation attached hereto when including $3.9k in their AUS/Underwriting calculations," including specifically "Retirement statements showing taxable income $3,950.00" and a "Captrust Confirmation of Monthly Retirement Disbursement letter showing $3,950.00 as part of Ms. Blackwell's 20-year retirement disbursement." Tabor has thus admitted in a regulatory filing that its underwriting relied entirely on documents that CAPTRUST has since confirmed are forgeries.

### E. The Closing — No Attorney Present; No Identity Verification

35. The subject loan closed on August 25, 2025. Cooperative Title, LLC served as settlement agent for the transaction, as reflected on the Closing Disclosure (File No. 20250700653). The designated closing attorney was Raymond W. Smith, Esq., LLC, whose office was located in Charleston, South Carolina — approximately 200 miles from the borrower's home in Greenville.

36. No attorney was present at the closing. The closing was conducted entirely by a mobile notary who traveled to Janice Blackwell's residence in Greenville. The designated closing attorney never appeared at the closing, was never physically present with the borrower, and exercised no meaningful supervisory role at the time of the signing.

37. The USA PATRIOT Act Customer Identification Verification form included in the closing package — which expressly requires the closing agent to certify: "I certify that I have personally viewed and accurately recorded the information from the documents identified above, and have reasonably confirmed the identity of the Borrower" — was left entirely blank. No signature, no printed name, no date, and no title were entered on this form. No one certified that they had personally verified Janice Blackwell's identity at the closing. This failure is not a clerical irregularity; it is direct evidence that the closing was conducted without the legally required identity verification, in a transaction where the scammers had been masquerading as the borrower throughout.

38. During the closing, the mobile notary discovered that the phone number she had been using to communicate with "Janice Blackwell" throughout the closing process did not belong to Janice Blackwell. Janice Blackwell informed the notary that the number the notary had been texting was not hers. This discrepancy — a direct and unambiguous indicator that a third party had been intercepting all communications between the borrower and the settlement agent — was noted and then disregarded. The closing proceeded without any investigation, any notification to the lender, or any verification of the borrower's true identity or understanding of the transaction.

39. Janice Blackwell was not provided with a written disclosure of her right to select the closing attorney of her choice as required by S.C. Code Ann. § 37-10-102(a). No such attorney preference disclosure form appears anywhere in the closing package. The South Carolina Attorney Preference disclosure that did appear — embedded in the body of the

7

loan application continuation sheet rather than provided as a standalone form prior to closing — stated that a separate attorney preference form would be provided "shortly" after the application was submitted. No such form was ever provided, and no attorney preference was ever solicited from Janice Blackwell before or at closing.

40. Alliant National Title Insurance Company issued or underwrote the lender's title insurance policy in connection with the subject loan and received a premium of $3,780.00 therefor, as reflected in the Closing Disclosure.

### F. Post-Closing Events

41. Following closing, Janice Blackwell sent the cash-out proceeds of the loan — approximately $208,499.24 — via cashier's checks to two individuals in Texas and California, as directed by the scammers, believing the funds were being used to secure the release of "Josh" and his crew.

42. On or about September 18, 2025, the scammers sent a fraudulent email to Janice Blackwell from the address info@exxonmexico.com stating that "all payments have been settled so do not make any loan payment." Relying on this instruction, Janice Blackwell made no mortgage payments, causing her to default on the loan.

43. The loan was transferred to Planet Home Lending, LLC for servicing on or about October 1, 2025. On or about December 8, 2025, Janice Blackwell notified Planet in writing that she was a victim of a scam and unable to make mortgage payments. Planet acknowledged this correspondence on January 30, 2026, and approved a three-month forbearance from February 1, 2026, through April 1, 2026, suspending monthly payments of $1,640.12. Planet simultaneously disclaimed any responsibility for origination-related issues, directing all inquiries to Tabor Mortgage Group.

44. By letter dated March 19, 2026, Planet notified Janice Blackwell that servicing of the loan will be transferred back to CalCon Mutual Mortgage LLC, effective April 29, 2026.

45. The forbearance expired on April 1, 2026. Absent intervention by this Court, Janice Blackwell faces the imminent threat of foreclosure on the home she has occupied for fifty years — a home that was free and clear before the scammers selected it as their instrument of fraud.


### FOR A FIRST CAUSE OF ACTION

**(Violation of the Truth in Lending Act and the Home Ownership and Equity Protection Act — 15 U.S.C. §§ 1601 et seq., 1638, 1639)**

*Against Defendant CalCon Mutual Mortgage LLC d/b/a Tabor Mortgage Group*

ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

46. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

47. The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and its implementing regulation, Regulation Z, 12 C.F.R. Part 1026, impose affirmative disclosure obligations and substantive restrictions on creditors originating consumer credit transactions secured by a dwelling.

48. The Home Ownership and Equity Protection Act ("HOEPA"), codified at 15 U.S.C. § 1639 and implemented through Regulation Z, imposes heightened restrictions on certain high-cost and higher-priced mortgage loans. Plaintiff alleges, in the alternative, that the subject loan may constitute a "higher-priced mortgage loan" within the meaning of 12 C.F.R. § 1026.35 given the annual percentage rate of 6.963%, and that Tabor's failure to conduct a reasonable verification of Janice Blackwell's ability to repay constitutes a violation of the enhanced obligations applicable to higher-priced mortgage loans under 12 C.F.R. § 1026.35(b). To the extent discovery reveals that the loan qualifies as a "high-cost mortgage" under 15 U.S.C. § 1639(aa), Plaintiff reserves the right to amend to assert all remedies available thereunder.

49. Tabor violated TILA and Regulation Z by, among other things:

    a. Originating a consumer mortgage loan using materially false income information that Tabor failed to independently verify;

    b. Failing to confirm the accuracy of application data that, on its face, reflected the borrower's contact information as belonging to a third party;

    c. Accepting and relying upon forged third-party income documentation without any independent verification, in violation of FHA underwriting guidelines incorporated into Regulation Z's ability-to-repay framework; and

    d. Failing to provide Janice Blackwell with meaningful disclosures in connection with a loan transaction in which all communications between the lender and the "borrower" were in fact directed to the scammers.

50. As a result of Tabor's TILA violations, Plaintiff is entitled to rescission of the loan pursuant to 15 U.S.C. § 1635, statutory damages pursuant to 15 U.S.C. § 1640(a), actual damages, and reasonable attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION

### (Violation of the Dodd-Frank Ability-to-Repay Rule — 15 U.S.C. § 1639c; 12 C.F.R. § 1026.43)

### *Against Defendant CalCon Mutual Mortgage LLC d/b/a Tabor Mortgage Group*

51. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

9

ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

52. The Dodd-Frank Wall Street Reform and Consumer Protection Act amended TILA to require that creditors make a reasonable and good faith determination, based on verified and documented information, that the consumer has a reasonable ability to repay a residential mortgage loan. 15 U.S.C. § 1639c; 12 C.F.R. § 1026.43.

53. Under 12 C.F.R. § 1026.43(c), a creditor must verify the income or assets upon which it relies to determine ability to repay using reasonably reliable third-party records. A creditor may not rely on a consumer's stated income without verification from documents that reasonably and independently confirm the consumer's actual income.

54. Tabor violated the Ability-to-Repay ("ATR") Rule by:

   a. Relying upon a fabricated income figure of $3,950.00 per month from a non-existent "Defined Contribution Plan" without any independent verification;

   b. Accepting forged documents bearing CAPTRUST's name and logo as sufficient verification of income without contacting CAPTRUST, without independently confirming the existence of the account, and without recognizing that CAPTRUST does not function as a custodian or issue custodial statements of the type submitted;

   c. Failing to recognize that Janice Blackwell's true monthly income of $3,142.00 yielded a true debt-to-income ratio exceeding 113%, far beyond any permissible qualifying threshold; and

   d. Communicating exclusively through the scammers' contact information inserted into the loan file, thereby obtaining no genuine confirmation of income or identity directly from the borrower.

55. The ATR Rule violations constitute per se violations of TILA, entitling Plaintiff to rescission of the loan, actual damages, and attorney's fees pursuant to 15 U.S.C. § 1640.

56. A borrower's right to assert ATR violations as a defense to foreclosure is not subject to any applicable statute of limitations. 15 U.S.C. § 1640(k). Plaintiff asserts these violations as both an affirmative claim and as a defense to any foreclosure action that may be commenced by any Defendant.

### FOR A THIRD CAUSE OF ACTION

**(Violation of the Real Estate Settlement Procedures Act — 12 U.S.C. §§ 2601 et seq., 2607)**

*Against Defendants CalCon Mutual Mortgage LLC d/b/a Tabor Mortgage Group and Cooperative Title, LLC)*

57. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

58. RESPA, 12 U.S.C. § 2601 et seq., and its implementing regulations, 24 C.F.R. Part 3500, govern settlement services in connection with federally related mortgage loans. The subject FHA loan is a federally related mortgage loan within the meaning of 12 U.S.C. § 2602(1).

59. RESPA, at 12 U.S.C. § 2607, prohibits the giving or accepting of any fee, kickback, or thing of value pursuant to any agreement or understanding that business incident to a real estate settlement service involving a federally related mortgage loan shall be referred to any person.

60. Upon information and belief, Tabor and Cooperative Title had a business relationship, referral arrangement, or understanding pursuant to which Cooperative Title was selected as the settlement agent for this transaction, and fees were paid in connection therewith, without the knowledge or meaningful participation of Janice Blackwell.

61. Additionally, as detailed in the Sixth Cause of Action below, Janice Blackwell was never provided with a written disclosure of her right to select the closing attorney of her choice pursuant to S.C. Code Ann. § 37-10-102(a). The failure to afford Janice Blackwell this statutory right of selection, combined with the designation of a settlement agent and closing attorney without any borrower participation, implicates RESPA's protections against undisclosed referral arrangements.

62. As a result of these violations, Plaintiff is entitled to damages in an amount equal to three times the amount of any charge paid for the settlement service, costs, and reasonable attorney's fees pursuant to 12 U.S.C. § 2607(d).

## FOR A FOURTH CAUSE OF ACTION

**(Violation of the South Carolina High Cost and Consumer Home Loans Act —
S.C. Code Ann. §§ 37-23-10 et seq.)**

*Against Defendant CalCon Mutual Mortgage LLC d/b/a Tabor Mortgage Group*

63. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

64. The South Carolina High Cost and Consumer Home Loans Act, S.C. Code Ann. §§ 37-23-10 et seq. ("SC High-Cost Act"), imposes substantive protections on consumer home loans, including a prohibition on loans based upon the value of the collateral without regard to the borrower's ability to repay.

65. The subject loan is a "consumer home loan" within the meaning of S.C. Code Ann. § 37-23-20(7), as it is a loan secured by real property located in South Carolina that is used as the borrower's principal dwelling.

11

ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

66. Under S.C. Code Ann. § 37-23-60, it is unlawful for any creditor to make a consumer home loan based upon the collateral value of the property without regard to the borrower's repayment ability at the time the loan is consummated, including the borrower's current and expected income and existing debt obligations.

67. Tabor originated the subject loan based on fabricated income of $3,950.00 per month that it never independently verified. At Janice Blackwell's true income of $3,142.00 per month, her monthly housing payment of $1,640.12, combined with pre-existing monthly debt obligations of approximately $1,916.00, produced a total debt-to-income ratio exceeding 113% — demonstrating that Tabor originated the loan with no regard whatsoever for Janice Blackwell's actual ability to repay.

68. Tabor further violated S.C. Code Ann. § 37-23-60 by: (a) originating a loan whose terms Janice Blackwell could not afford; (b) failing to engage in any meaningful direct communication with Janice Blackwell to confirm her income; and (c) disregarding clear and unambiguous warning signs of fraud present in the loan file, including the presence of third-party contact information and an unverified, irregularly sourced income document.

69. Pursuant to S.C. Code Ann. § 37-23-80, a creditor who violates the SC High-Cost Act is liable to the borrower for actual damages, statutory damages, costs, and reasonable attorney's fees. Plaintiff reserves the right to assert additional claims under the SC High-Cost Act upon further discovery.

## FOR A FIFTH CAUSE OF ACTION

### (Violation of the South Carolina Licensing of Mortgage Brokers Act — S.C. Code Ann. §§ 40-58-10 et seq.)

### *Against Defendant CalCon Mutual Mortgage LLC d/b/a Tabor Mortgage Group*

70. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

71. CalCon Mutual Mortgage LLC d/b/a Tabor Mortgage Group was, at all times relevant herein, licensed as a mortgage lender and mortgage broker in the State of South Carolina pursuant to the South Carolina Licensing of Mortgage Brokers Act ("MLB Act"), S.C. Code Ann. §§ 40-58-10 et seq. (SC License ID# MLB-1694129). Loan Originator Lawton Montgomery Mullin (SC License ID# MLO-2498856) was employed by Tabor and acted as the loan originator for the subject transaction. Tabor and its loan originator were, as licensees, bound by all obligations and prohibitions of the MLB Act.

72. Under S.C. Code Ann. § 40-58-78(A), a mortgage broker and its loan originators owe the borrower "a duty of utmost care, honesty, and loyalty in the transaction, including the duty of full disclosure of all material facts." This fiduciary-like duty runs directly to the

ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

borrower and is not discharged by reliance on fraudulent documents submitted by third parties.

73. Under S.C. Code Ann. § 40-58-70, it is unlawful for a person in the course of a mortgage loan transaction to a) "misrepresent the material facts or make false promises likely to influence, persuade, or induce an applicant for a mortgage loan or a mortgagor to take a mortgage loan," § 40-58-70(1); b) "intentionally misrepresent or conceal a material factor, term, or condition of a transaction," § 40-58-70(2); c) "engage in a transaction, practice, or course of business which is unconscionable, as provided in Section 37-5-108, or which operates a fraud upon a person in connection with the making of or purchase or sale of a mortgage loan," § 40-58-70(3); or d) "fail to use due diligence and make reasonable efforts in procuring a mortgage loan on behalf of a borrower," § 40-58-70(4); and e) "fail to comply with this chapter or any other state or federal law including rules and regulations applicable to a business regulated by this chapter," § 40-58-70(10).

74. Tabor violated each of these provisions by:

   a. Processing and originating a loan application that contained fabricated income and third-party contact information, in a transaction that constituted a fraud upon the borrower within the meaning of § 40-58-70(3);

   b. Failing to use due diligence to verify the borrower's income, identity, or contact information, in violation of § 40-58-70(4);

   c. Originating a loan on terms that were unconscionable as applied to a 74-year-old widow on a fixed income with a true debt-to-income ratio exceeding 113%, in violation of § 40-58-70(3);

   d. Failing to comply with the ATR Rule, FHA underwriting guidelines, TILA, RESPA, and the SC High Cost Act, all of which constitute violations of § 40-58-70(10); and

   e. Failing to fulfill the duty of utmost care, honesty, and loyalty owed to Janice Blackwell under § 40-58-78(A), including the duty of full disclosure of all material facts relevant to the transaction.

75. Pursuant to S.C. Code Ann. § 40-58-78(B), a borrower may recover from a mortgage broker or loan originator who violates § 40-58-78(A): a statutory penalty of not less than $1,500.00 and not more than $7,500.00 for each loan transaction; all fees paid by the borrower to the mortgage broker or loan originator for services rendered; and the actual costs, including attorney's fees, for enforcing the borrower's rights.

76. Pursuant to S.C. Code Ann. § 40-58-80(K), the administrator may require Tabor to pay to Janice Blackwell or other natural persons amounts received by Tabor in violation of the MLB Act. Pursuant to § 40-58-80(O), nothing in the MLB Act limits a private right of action in a court of law. Pursuant to § 40-58-80(M), willful violations of the MLB Act constitute a misdemeanor, providing additional evidence of the gravity of Tabor's conduct.

ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

77. As a direct and proximate result of Tabor's violations of the MLB Act, Janice Blackwell has suffered actual damages in an amount to be proven at trial and is entitled to all civil remedies available under the MLB Act, including the statutory penalty, fees paid, and attorney's fees under § 40-58-78(B).

## **FOR A SIXTH CAUSE OF ACTION**

### **(Violation of South Carolina Attorney Preference Statute — S.C. Code Ann. § 37-10-102)**

*Against Defendants CalCon Mutual Mortgage LLC d/b/a Tabor Mortgage Group and Cooperative Title, LLC*

78. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

79. S.C. Code Ann. § 37-10-102(a) provides that in connection with a mortgage loan on real property in South Carolina, the creditor shall disclose to the borrower at the time of loan commitment that the borrower has the right to select the attorney to conduct the closing, provided that the attorney is licensed to practice law in South Carolina and is acceptable to the creditor.

80. Janice Blackwell was never provided with a standalone written disclosure of her right to select the closing attorney, as required by § 37-10-102(a). Although a form disclosure referencing the attorney preference right appeared within the body of the loan application continuation sheet, it advised that a separate attorney preference form would be provided "shortly" after submission of the application. No such separate form was ever provided. No attorney preference was solicited from or exercised by Janice Blackwell at any point before or at closing.

81. Moreover, no attorney was present at the closing. The designated closing attorney, Raymond W. Smith, Esq., LLC, was located in Charleston, approximately 200 miles from the borrower's home in Greenville, and was never physically present at the closing, never met with Janice Blackwell, and never exercised any meaningful supervisory role over the closing proceedings. The closing was conducted entirely by a mobile notary — a non-attorney — at Janice Blackwell's home. South Carolina law requires that real estate closings of this nature be conducted by or under the direct supervision of a licensed South Carolina attorney. That requirement was not met.

82. The USA PATRIOT Act identity verification form in the closing package — which requires the closing agent to personally certify verification of the borrower's identity — was left entirely blank and unsigned. No party certified that they had verified Janice Blackwell's identity at closing. This failure is consistent with the absence of any meaningful attorney supervision over the closing.

14

ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

83. Pursuant to S.C. Code Ann. § 37-10-105, a violation of § 37-10-102 renders the mortgage loan voidable at the election of the borrower, and the borrower is entitled to recover a penalty of $300 per violation, actual damages, and attorney's fees.

84. Plaintiff elects to void the mortgage loan as a result of the violation of § 37-10-102, and demands all available relief thereunder, including cancellation and discharge of the mortgage lien.

## FOR A SEVENTH CAUSE OF ACTION

### (Violation of the South Carolina Unfair Trade Practices Act — S.C. Code Ann. §§ 39-5-10 et seq.)

### *Against All Defendants*

85. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

86. The South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. §§ 39-5-10 et seq., prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.

87. The acts and omissions of each Defendant constitute unfair or deceptive acts or practices in the conduct of trade or commerce in violation of SCUTPA, including:

   a. **Tabor**: Originating a mortgage loan to a 74-year-old widow living alone on a fixed Social Security income, based on unverified fabricated income; accepting forged documentation without independent verification; using scammer-controlled contact information throughout the origination process; allowing its automated underwriting system's express income verification requirement to go unheeded; and originating a loan whose true debt-to-income ratio exceeded 113%, making repayment impossible from the outset;

   b. **Planet:** Acquiring and servicing a loan it knew or should have known was the documented product of fraud against an elderly victim; continuing to threaten foreclosure on a defrauded 74-year-old widow while simultaneously disclaiming responsibility for the origination fraud; and transferring servicing back to the originating lender under circumstances that compound the harm to Janice Blackwell;

   c. **Cooperative Title, LLC:** Acting as settlement agent for a closing in which the borrower's contact information was demonstrably controlled by third-party fraudsters; proceeding with the closing after the mobile notary discovered that the contact information on file for the borrower did not belong to the borrower; facilitating a closing at which no attorney was present and no identity verification was completed; and failing to comply with South Carolina's attorney closing and borrower preference requirements;

15

ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

    d. **Alliant National**: Issuing or underwriting a title insurance policy in connection with a loan transaction containing facially apparent indicia of fraud, collecting premiums for coverage on a fraudulently originated loan, and failing to take any steps to protect the interests of the property owner upon learning of the fraud.

88. Each of these practices constitutes an unfair or deceptive act or practice that has an adverse impact on the public interest, as the conduct at issue — particularly the origination of unverifiable mortgage loans to elderly, vulnerable borrowers with blatant fraud indicators in the loan file — represents the type of pattern or potential pattern of conduct affecting consumers generally that SCUTPA is designed to address.

89. As a direct and proximate result of Defendants' SCUTPA violations, Janice Blackwell has suffered actual damages in an amount to be proven at trial. Because the described conduct was willful or knowing, Plaintiff is entitled to treble damages and attorney's fees pursuant to S.C. Code Ann. § 39-5-140.

### <u>FOR AN EIGHTH CAUSE OF ACTION</u>

**(Financial Exploitation of a Vulnerable Adult in Violation of the South Carolina Omnibus Adult Protection Act — S.C. Code Ann. §§ 43-35-10 et seq. and 43-35-80(A))**

*Against Defendants CalCon Mutual Mortgage LLC d/b/a Tabor Mortgage Group and Planet Home Lending, LLC*

90. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

91. The South Carolina Omnibus Adult Protection Act, S.C. Code Ann. §§ 43-35-10 et seq., protects vulnerable adults from financial exploitation. S.C. Code Ann. § 43-35-80(A) creates a private civil cause of action on behalf of a vulnerable adult, or the adult's authorized legal representative, against any person who has financially exploited the vulnerable adult. A "vulnerable adult" is defined under § 43-35-10(11) to include an adult whose ability to protect himself from exploitation is impaired as a result of age, illness, or other condition.

92. Janice Waldrop Blackwell qualifies as a "vulnerable adult" under the Act due to her advanced age of 74, her status as a widowed and socially isolated individual, and the emotional vulnerability arising from prolonged grief, all of which made her susceptible to romantic manipulation over the course of approximately one year. She lacked experience and financial literacy regarding mortgage transactions, having previously paid off the mortgage on her home, and was therefore unable to assess the legitimacy of the loan or related documents. Compounding this vulnerability, she lived on a fixed and limited monthly income of $3,142 from Social Security and survivor benefits, leaving her without financial reserves or the ability to recover from loss, while the scammers'

ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

sustained psychological manipulation progressively displaced her independent judgment with their own throughout the mortgage process.

93. "Financial exploitation" under S.C. Code Ann. § 43-35-10 includes any act or omission taken by a person to wrongfully use the money, assets, or property of a vulnerable adult to benefit a person other than the vulnerable adult.

94. Tabor financially exploited Janice Blackwell within the meaning of §§ 43-35-10 and 43-35-80(A) by originating a $219,780 mortgage loan secured by the home of a 74-year-old vulnerable adult based on fabricated income, knowingly or recklessly accepting unverified and forged income documentation, and thereby facilitating the wrongful appropriation of her home equity under circumstances it knew or should have known constituted elder financial exploitation. Tabor further retained substantial origination fees and closing charges derived from the wrongful use of her real property for the benefit of scammers and failed to implement any safeguards to detect or prevent exploitation of an elderly, fixed-income borrower despite clear and unmistakable fraud indicators in the loan file.

95. Planet financially exploited Janice Blackwell within the meaning of § 43-35-80(A) by acquiring, and continuing to attempt to collect upon, a loan it knew was the product of documented financial exploitation of an elderly victim, and by threatening foreclosure on her home of fifty years while collecting servicing fees in connection therewith.

96. As a proximate result of this financial exploitation, Janice Blackwell has suffered actual damages, including the loss of her home equity, the risk of foreclosure, the loss of the loan proceeds, and severe emotional distress. Pursuant to S.C. Code Ann. § 43-35-80(A), Plaintiff is entitled to actual damages, treble damages, attorney's fees and costs, and punitive damages.

## FOR A NINTH CAUSE OF ACTION

### (Civil Conspiracy)

### *Against All Defendants*

97. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

98. Civil conspiracy under South Carolina law requires: (1) a combination of two or more persons; (2) for the purpose of injuring the plaintiff; (3) causing plaintiff special damages.

99. Two or more of the Defendants combined, through their respective acts and omissions in originating, closing, insuring, and servicing the subject loan, in a manner that had the purpose or effect of injuring Janice Blackwell. Specifically:

17

ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

a. Tabor and Cooperative Title, LLC combined to originate and close a fraudulent loan transaction in which the borrower's communications were entirely controlled by third-party scammers, proceeding without any meaningful verification of the borrower's identity, income, or understanding of the transaction, and conducting a closing at which no attorney was present and no identity verification was certified;

b. Tabor and Alliant National combined to insure and record the mortgage against Janice Blackwell's property, generating fees and premiums for themselves while exposing her to the risk of foreclosure based on a fraudulent transaction;

c. All Defendants combined, through the coordinated execution of the closing, to consummate a transaction that none of them had any legitimate basis to complete, to their collective financial benefit and to Janice Blackwell's detriment.

100. As a direct and proximate result of this civil conspiracy, Janice Blackwell has suffered special damages, including but not limited to the recording of a fraudulent $219,780 mortgage lien against her home; the loss of her home equity; monthly obligations she cannot meet; default and the threat of foreclosure; and the costs of defending and prosecuting this action.

## FOR A TENTH CAUSE OF ACTION

**(Fraud and Fraudulent Inducement)**

*Against Defendant CalCon Mutual Mortgage LLC d/b/a Tabor Mortgage Group*

101. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

102. The loan documents executed by Janice Blackwell at closing were procured through fraud. Janice Blackwell was induced to sign documents she did not understand by the scammers' false representations that the transaction was an arrangement under which ExxonMobil would repay the mortgage on her behalf.

103. The elements of fraud are present: (a) false representations — the scammers falsely represented that ExxonMobil would repay the mortgage and that the closing was part of a legitimate business arrangement; (b) knowledge of falsity — the scammers knew their representations were false; (c) intent to deceive — the scammers intended to induce Janice Blackwell to sign loan documents and deliver the proceeds; (d) justifiable reliance — Janice Blackwell justifiably relied on these representations, given her emotional vulnerability and the scammers' year-long cultivation of her trust; (e) damages — she has suffered and continues to suffer substantial harm.

104. Tabor is liable in connection with this fraud because, with the exercise of reasonable diligence, it would have discovered the fraud and had an independent obligation not to proceed with a transaction it knew or should have known was the product of fraud.

18

ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

Tabor's willful blindness to the obvious fraud indicators in the loan file — including the scammer-controlled contact information, the forged income documents, the impossible debt-to-income ratio, and the absence of any direct borrower verification — constitutes constructive participation in the fraud.

105. Plaintiff is entitled to rescission of the loan documents and mortgage as a remedy for fraud, as well as actual and punitive damages.

## FOR AN ELEVENTH CAUSE OF ACTION

### (Negligence and Gross Negligence)

*Against Defendants CalCon Mutual Mortgage LLC d/b/a Tabor Mortgage Group and Cooperative Title, LLC*

106. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

107. Tabor owed Janice Blackwell a duty of care arising from: (a) its statutory obligations as a licensed mortgage lender and mortgage broker under federal and South Carolina law, including the MLB Act's express duty of utmost care, honesty, and loyalty; (b) its position as a creditor extending substantial credit secured by the principal dwelling of a 74-year-old fixed-income consumer; and (c) the foreseeability that failing to verify a borrower's income and identity could facilitate a fraudulent loan that strips an elderly person of her home equity.

108. Cooperative Title, LLC owed Janice Blackwell a duty of care arising from: (a) its role as settlement agent in a real estate closing governed by RESPA; (b) its obligation to ensure that the closing was conducted in compliance with applicable law, including South Carolina's attorney closing requirement; and (c) the specific knowledge available to the mobile notary at the time of closing — namely, the discovered discrepancy in the borrower's contact information — which independently triggered a duty to investigate before proceeding.

109. Tabor breached its duty of care by: (a) failing to independently verify the income listed in the loan application; (b) accepting forged documents from a purported CAPTRUST account without contacting CAPTRUST or otherwise verifying the account; (c) failing to use the borrower's actual contact information; (d) originating a loan for a borrower whose true financial profile made repayment impossible; and (e) disregarding its own automated underwriting system's express requirement that retirement income be independently verified.

110. Cooperative Title, LLC breached its duty of care by: (a) proceeding with the closing after the mobile notary discovered that the contact information on file for the borrower did not belong to the borrower; (b) facilitating a closing conducted by a non-attorney with no supervising attorney present; (c) failing to complete the USA PATRIOT Act identity

19

ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

verification form, leaving it blank and unsigned; and (d) failing to report or investigate the clear indicators of fraud present at the closing.

111.    The conduct of Tabor and Cooperative Title was not merely negligent but grossly negligent, in that it constituted a reckless disregard for the rights and safety of Janice Blackwell substantially greater than ordinary negligence.

112.    As a direct and proximate result of Defendants' negligence and gross negligence, Janice Blackwell has suffered actual damages in an amount to be proven at trial.

## FOR A TWELFTH CAUSE OF ACTION

### (Unjust Enrichment)

### *Against All Defendants*

113.    Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

114.    Each Defendant received a monetary benefit in connection with the fraudulent transaction, including origination fees paid to Tabor, servicing fees paid to Planet, settlement fees paid to Cooperative, and a Title Insurance Premium paid to Alliant National.

115.    Janice Blackwell received no legitimate benefit from this transaction. Her home of fifty years — previously free and clear — was encumbered by a $219,780 mortgage based on a fraud for which she bears no culpability.

116.    It would be unjust and inequitable to permit any Defendant to retain the benefits it received in connection with this fraudulent transaction at the expense of a 74-year-old widow who was deceived into participating in it.

117.    Plaintiff is entitled to restitution from each Defendant in the amount of the fees, premiums, and other benefits each received in connection with the subject transaction.

## FOR A THIRTEENTH CAUSE OF ACTION

### (Cancellation of Void Instrument / Discharge of Mortgage Lien)

### *Against All Defendants*

118.    Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

119.    Janice Waldrop Blackwell is, and at all relevant times has been, the fee simple owner of

ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

real property located at 18 Cannon Circle, Greenville, South Carolina 29607 (TMS# 0574-11-01-145-00).

120.    The mortgage recorded in the Greenville County Register of Deeds on September 16, 2025, in favor of CalCon Mutual Mortgage LLC, constitutes a cloud on Janice Blackwell's title. The mortgage is void or voidable on the following independent grounds, each of which is separately sufficient to support its cancellation:

a.    **Fraud in the inducement** — Janice Blackwell executed the mortgage based on the fraudulent belief, fostered by scammers and enabled by Tabor's willful blindness, that ExxonMobil would repay the loan.

b.    **No meeting of the minds** — Blackwell never intended to encumber her home with a personal mortgage; the scammers supplanted her intent throughout the transaction.

c.    **ATR violation** — The mortgage violated the Dodd-Frank Ability-to-Repay Rule, 15 U.S.C. § 1639c, entitling Plaintiff to rescission under 15 U.S.C. § 1635.

d.    **South Carolina statutory violation** — The closing violated S.C. Code Ann. § 37-10-102(a), rendering the mortgage voidable under § 37-10-105.

e.    **Improper attorney closing** — The closing occurred without a licensed South Carolina attorney's presence or meaningful supervision, rendering it void or voidable.

f.    **Failure of identity verification** — USA PATRIOT Act identity verification was not completed; the certification was blank and unsigned, calling into question whether the signer was properly identified as Janice Waldrop Blackwell.

121.    Had defendants succeeded, rather than failed, in completing any of the above legal obligations, no loan could have proceeded, and Blackwell would not have been harmed.

122.    Plaintiff seeks a judgment canceling and discharging the mortgage lien as a void or voidable instrument, and quieting title to 18 Cannon Circle, Greenville, South Carolina in the name of Janice Waldrop Blackwell, free and clear of the mortgage and any related encumbrances.

123.    Plaintiff further seeks a temporary restraining order, preliminary injunction, and permanent injunction enjoining all Defendants, and any successor servicers or assignees, from initiating or continuing any foreclosure action against the property during the pendency of this action, and thereafter upon entry of final judgment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff William Andrew Blackwell, as Attorney-in-Fact for Janice Waldrop Blackwell, prays for judgment against Defendants as follows:

ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

A. A declaration that the mortgage recorded in the Greenville County Register of Deeds on September 16, 2025, is void or voidable, and an order canceling and discharging the mortgage lien;

B. A judgment quieting title to 18 Cannon Circle, Greenville, South Carolina (TMS# 0574-11-01-145-00) in Janice Waldrop Blackwell, free and clear of the mortgage and any related encumbrances;

C. Rescission of the promissory note and mortgage, and all related loan documents, pursuant to 15 U.S.C. § 1635 (TILA/ATR) and S.C. Code Ann. § 37-10-105 (Attorney Preference);

D. A temporary restraining order, preliminary injunction, and permanent injunction enjoining all Defendants, and any successor servicers, assignees, or note holders, from initiating or continuing any foreclosure proceeding against the property during the pendency of this action and thereafter;

E. Actual damages in an amount to be proven at trial;

F. Statutory damages pursuant to 15 U.S.C. § 1640(a) (TILA/HOEPA);

G. Treble damages pursuant to S.C. Code Ann. § 39-5-140 (SCUTPA);

H. Treble damages and punitive damages pursuant to S.C. Code Ann. § 43-35-80(A) (SC Adult Protection Act);

I. Statutory penalties pursuant to S.C. Code Ann. § 40-58-78(B) (SC Mortgage Brokers Act), of not less than $1,500.00 and not more than $7,500.00 per transaction, plus fees paid and attorney's fees;

J. A penalty pursuant to S.C. Code Ann. § 37-10-105 (Attorney Preference) of $300 per violation, plus actual damages and attorney's fees;

K. Statutory damages pursuant to S.C. Code Ann. §§ 37-23-80 (SC High-Cost Act);

L. Damages pursuant to 12 U.S.C. § 2607(d) (RESPA), in an amount equal to three times the amount of any settlement service charge;

M. Punitive damages on the fraud and gross negligence claims;

N. Restitution of all fees, premiums, and charges paid to Defendants in connection with the subject transaction;

O. Reasonable attorney's fees and costs as provided by TILA (15 U.S.C. § 1640), RESPA (12 U.S.C. § 2607(d)), SCUTPA (S.C. Code Ann. § 39-5-140), the SC High-Cost Act (§ 37-23-80), the SC Attorney Preference Statute (§ 37-10-105),

22

the SC Mortgage Brokers Act (§ 40-58-78(B)), and the SC Adult Protection Act (§ 43-35-80(A));

P.  Pre-judgment and post-judgment interest as permitted by law; and

Q.  Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

_____

Dave Maxfield, Esq., FED ID 6293
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

April 1, 2026

23

ELECTRONICALLY FILED - 2026 Apr 01 2:26 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

ELECTRONICALLY FILED - 2026 Apr 24 12:56 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF GREENVILLE<br><br><br>WILLIAM ANDREW BLACKWELL, as Attorney-in-Fact for JANICE WALDROP BLACKWELL,<br>　　　　　　　　　　Plaintiff,<br>　Vs.<br><br>CALCON MUTUAL MORTGAGE LLC d/b/a TABOR MORTGAGE GROUP, PLANET HOME LENDING, LLC, COOPERATIVE TITLE, LLC, and ALLIANT NATIONAL TITLE INSURANCE COMPANY, INC.<br>　　　　　　　　　　Defendant. | IN THE COURT OF COMMON PLEAS THIRTEENTH JUDICIAL CIRCUIT<br><br>Case No. 2026-CP-23-02031<br><br><br><br>**PROOF OF SERVICE** |

I, the undersigned, have served the Director of the South Carolina Department of Insurance as registered agent for **Alliant National Title Insurance Company, Inc.** by U.S. Certified Mail, Return Receipt Requested on **April 13, 2026** with a Summons & Complaint in the above entitled action as shown by the attached receipt.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield
David A. Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: April 24, 2026

# Certificate of Electronic Notification

## Recipients

**David Maxfield**  - Notification transmitted on 04-21-2026 10:56:48 AM.

ELECTRONICALLY FILED - 2026 Apr 21 10:57 AM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031



# South Carolina
# Department of Insurance

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105

**HENRY McMASTER**
Governor

**MICHAEL WISE**
Director

April 13, 2026

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
ALLIANT NATIONAL TITLE INSURANCE COMPANY, INC.
c/o Corporation Service Company
100 Coastal Drive, Suite 210
Charleston, SC 29492

Dear Sir:

On April 13, 2026, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to ccrooks@doi.sc.gov.** When replying, please refer to File Number 208841, <u>William Andrew Blackwell</u> , <i>et al.</i> v. Calcon Mutual Mortgage LLC<i>, et al.</i>, 2026-CP-23-02031.

By:                                          Sincerely Yours,

*Gwendolyn Fuller McGriff*

Gwendolyn  McGriff
Deputy Director - Legal
(803)737-6732

Michael Wise
Director
State of South Carolina
Department of Insurance

Attachment

CC:    David A. Maxfield Esq.
Dave Maxfield, Attorney, LLC
2191 Pickens Street, Suite 317
Columbia, SC    29201

ELECTRONICALLY FILED - 2026 Apr 24 12:56 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2026CP2302031

**Official File Stamp:** 04-21-2026 10:56:36 AM

**Court:** CIRCUIT COURT

Common Pleas

Greenville

**Case Caption:** William Andrew Blackwell , plaintiff, et al vs. Calcon Mutual Mortgage Llc , defendant, et al

**Event(s):**

Notice/Notice of Appearance

Demetri K. Koutrakos

**Filed by or on behalf of:**

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

David Andrew Maxfield for William Andrew Blackwell et al

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Tabor Mortgage Group

Planet Home Lending Llc

Cooperative Title Llc

Alliant National Title Insurance Company Inc

Calcon Mutual Mortgage Llc

ELECTRONICALLY FILED - 2026 Apr 21 10:57 AM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

# Certificate of Electronic Notification

| Recipients |
| --- |
| **Demetri Koutrakos**  - Notification transmitted on 04-24-2026 12:56:22 PM. |
| **David Maxfield**  - Notification transmitted on 04-24-2026 12:56:22 PM. |

ELECTRONICALLY FILED - 2026 Apr 24 3:11 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031

<span style="color:red">****** IMPORTANT NOTICE - READ THIS INFORMATION *****<br>NOTICE OF ELECTRONIC FILING [NEF]</span>

–

**A filing has been submitted to the court RE:** 2026CP2302031

| | |
|---|---|
| **Official File Stamp:** | 04-24-2026 12:56:02 PM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Greenville |
| **Case Caption:** | William Andrew Blackwell , plaintiff, et al vs. Calcon Mutual Mortgage Llc , defendant, et al |
| **Document(s) Submitted:** | Service/Certificate Of Service Certified Mail |
| | - Exhibit/Filing of Exhibits |
| **Filed by or on behalf of:** | David Andrew Maxfield |

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

Demetri K. Koutrakos for Alliant National Title Insurance Company Inc

David Andrew Maxfield for William Andrew Blackwell et al

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Tabor Mortgage Group

Planet Home Lending Llc

Cooperative Title Llc

Calcon Mutual Mortgage Llc

ELECTRONICALLY FILED - 2026 Apr 24 3:11 PM - GREENVILLE - COMMON PLEAS - CASE#2026CP2302031